UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| ANGEL COCHRANE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 1:09CV0162-HEA |
| | ) |
| AMERICAN SECURITY | ) |
| INSURANCE, ET AL, | ) |
| | ) |
| Defendant. | ) |

# OPINION, MEMORANDUM AND ORDER

This matter is before the Court on defendant Monumental Life Insurance Company's ("Monumental") Motion to Dismiss, [#15], which will be treated as a motion for summary judgment pursuant to the Court's order issued on March 5, 2010 [#17]. Plaintiffs Angel Cochrane, Bruce Starks, and Lonnie Starks, Jr., by and through his next friend, Patricia Fitzpatrick ("plaintiffs") have failed to file a response to the motion. For the reasons set forth below, the Motion is granted.

## Summary Judgment Standard

The standards for summary judgment are well settled. In determining whether summary judgment should issue, the Court views the facts and inferences from the facts in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Woods v.*

*DaimlerChrysler Corp.*, 409 F.3d 984, 990 (8th Cir. 2005); *Littrell v. City of Kansas City, Mo.*, 459 F.3d 918, 921 (8th Cir. 2006). The moving party has the burden to establish both the absence of a genuine issue of material fact and that it is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Enterprise Bank v. Magna Bank*, 92 F.3d 743, 747 (8th Cir. 1996). Once the moving party has met this burden, the nonmoving party may not rest on the allegations in its pleadings but by affidavit or other evidence must set forth specific facts showing that a genuine issue of material fact exists. Fed.R.Civ.P. 56(e). "[A] complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." *Celotex*, 477 U.S. at 323. It is in this manner that Court reviews the facts in this case.

## Discussion

Plaintiffs' claim against Monumental (Claim Four) alleges breach of contract relating to an accidental death insurance policy entered into by Lonnie Starks (deceased) and Monumental. Monumental has presented undisputed facts which establish the following: that Lonnie Starks died of natural causes, which was not a covered loss under the policy in question, and that, pursuant to the policy, Mary Brown (Lonnie Starks's sister) is the beneficiary and the actual lawful holder

2

of any claim for relief for accidental death insurance benefits. Plaintiff has failed to present any evidence to establish a breach of contract in relation to the accidental death insurance policy in question.

Plaintiff has failed to rebut, through affidavit or otherwise, defendant's motion. There is, therefore, a complete failure of proof concerning an essential element of plaintiff's case which necessarily renders all other facts immaterial. *Celotex*, 477 U.S. at 323. Under the standards set forth in Rule 56 of the Federal Rules of Civil Procedure and for the reasons set forth in defendant's motion, defendant is entitled to judgment as a matter of law.

Accordingly,

**IT IS HEREBY ORDERED** that defendant's Motion for Summary Judgment, [#15] is **Granted**.

A separate judgment in accordance with this memorandum is entered this same date.

Dated this 30th day of June, 2010.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE